NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-22

COMMONWEALTH

vs.

JULIO AVALOS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the defendant, Julio Avalos, appeals from his convictions of two counts of aggravated rape of a child (by age difference) and indecent assault and battery on a child under the age of fourteen.  We discern no abuse of discretion from any of the claims raised and affirm.

The trial judge did not improperly limit cross-examination by allowing a motion in limine filed by the Commonwealth. Anticipating that the victim would testify that she reported the sexual abuse to a school guidance counselor after receiving a detention, defense counsel unsuccessfully sought to explore (and the prosecutor sought to exclude) the details surrounding the

basis of the detention (purportedly that the victim struck another student) to show the victim did not want to face punishment at home for her misdeeds at school. For two primary reasons, we discern no abuse of discretion from the allowance of the Commonwealth's motion. First, as the judge noted during a lengthy discussion, the basis of the detention would likely lead to a "sideshow" litigating the respective fault of individual students with no appreciable relevance to the trial. Second, both the victim (on cross-examination) and the guidance counselor ultimately testified at trial that the victim did not want to face punishment at home for the detention. In particular, the victim testified, "I was scared of how [the defendant] was going to react to me getting in trouble in school." Thus, the defendant cannot demonstrate an abuse of discretion or resulting prejudice because the defense made the point it sought without the needless sideshow of unpacking details of the physical altercation that precipitated the detention. See Commonwealth v. Fuller, 399 Mass. 678, 685 (1987).

We also discern no abuse of discretion from the testimony of an expert on delayed disclosure of sexual abuse. The defendant's argument is based on the false premise that this case did not involve a delayed disclosure. It did. The evidence showed that the defendant, who is an adult relative of

2

the victim, sexually assaulted her in a bedroom just two months after she arrived in the United States to live with him; she emerged from the bedroom and said nothing to her sibling who was in the apartment; she said nothing to the defendant's girlfriend who arrived home later; and she said nothing about the incident until nine days later when she reported it to the school guidance counselor.  Especially in light of several forgone opportunities to report the sexual abuse, the judge acted well within his discretion in deciding that an expert could assist jurors in evaluating this delayed disclosure.  See Commonwealth v. Federico, 425 Mass. 844, 847 (1997).

The judge also acted well within his discretion in deciding to admit evidence of uncharged conduct during the two months that the victim lived with the defendant.  The victim testified that prior to the sexual assaults in the bedroom, she had developed an infection.  The defendant applied cream to her vagina and kissed it.  We do not disturb the judge's exercise of discretion absent palpable error, and we discern no such error here.  Given the narrow two-month window of sexual abuse and the familial connection between the defendant and the victim, the judge could view this incident as probative of the "entire relationship" and outweighing any risk of prejudice.  See Commonwealth v. Childs, 94 Mass. App. Ct. 67, 72 (2018).  The judge was not required to provide a limiting instruction sua

sponte, and the final instructions appropriately alerted jurors to the Commonwealth's burden to prove the charged crimes beyond a reasonable doubt.

Finally, we disagree with the defendant's contention that the judge abused his discretion by denying a motion for a mistrial. During testimony about the uncharged conduct, the victim referred to the defendant kissing her vagina "since [she] was very little." The judge immediately intervened and struck the testimony, provided an immediate curative instruction, and reminded jurors of the curative instruction in his final instructions. "Ordinarily, such a remedy is sufficient, as we presume that jurors follow the instructions given." Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 343 (1994). Keeping in mind the trial judge is "in a better position than are we to assess the actual impact of particular testimony on

4

the jury," id., we are satisfied that the instructions were adequate to cure the error.

Judgments affirmed.

By the Court (Meade, Hodgens & Allen, JJ.[1]),

Clerk

Entered:  July 6, 2026.

---

[1] The panelists are listed in order of seniority.